UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

XSCAPEEZ LTD,                          )
      *Plaintiff*,                    )
                                      )
*vs.*                                  )     1:12-cv-01581-JMS-DKL
                                      )
AKRON BRASS COMPANY,                   )
      *Defendant*.                    )

## ORDER

On October 26, 2012, Defendant Akron Brass Company ("Akron") filed a Notice of Removal. [Dkt. 1.]  In the Notice, Akron asserted that it was removing the case based on the Court's diversity jurisdiction under 28 U.S.C. § 1441(b), [*id.* at 2, ¶ 5], that Akron is a Delaware corporation with its principal place of business in Ohio, [*id.* at 2, ¶ 6], that Plaintiff XscapeEz Ltd. ("XEL") is an Indiana corporation with its principal place of business in Indiana, [*id.* at 2, ¶ 7], and that the amount in controversy "exceeds $75,000, exclusive of interest and costs," [*id.* at 2, ¶ 10].

Local Rule 81-1(b) applies to diversity removals, and provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

Counsel is reminded that the Court's Local Rules "have the force of law" and must not be disregarded.  *Link v. Wabash R. Co.*, 291 F.2d 542, 545 (7th Cir. 1961).  Furthermore, the Court notes that Local Rule 81-1(b) and its counterpart for removing parties, L.R. 81-1(a), have been designed for an important purpose:  to help counsel fulfill their "professional obligation to ana-

lyze subject-matter jurisdiction before judges need to question the allegations," *Heinen v.*
*Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

      To date, XEL has failed to file the statement required under Local Rule 81-1(b).  XEL is
**ORDERED** to remedy the noncompliance by filing its L.R. 81-1(b) statement by **December 12,**
**2012**.

12/04/2012

 

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Phillip J. Fowler
BINGHAM GREENEBAUM DOLL LLP
pfowler@bgdlegal.com

Christopher Paul Jeter
BARNES & THORNBURG LLP
chris.jeter@btlaw.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com